IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVYN MENENDEZ BARRERA, ENNAR MENENDEZ BARRERA, and MARLON CHAN,<br><br>Plaintiffs,<br><br>v.<br><br>JLK ENTERPRISES LLC, an Illinois limited liability company, d/b/a GRAND CAR WASH, JOHN KAMYSZ, an individual, and MICHAEL KAMYSZ, an individual,<br><br>Defendants. | Case No. 16-cv-11100 |

## COMPLAINT

The Plaintiffs, Melvyn Menendez Barrera, Ennar Menendez Barrera, and Marlon Chan (collectively, the "Plaintiffs"), by and through their attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complain against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash ("Grand Car Wash"), John Kamysz, and Michael Kamysz (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiffs their minimum wages and overtime pay. Plaintiffs are former car wash employees of the Defendants.

2. Defendants elected to pay Plaintiffs, and other car wash employees, using a tip credit. Defendants paid hourly wages below the minimum wage and purported to use tips to make up the difference. However, Defendants committed numerous minimum wage and tip credit violations which invalidated the tip credit and required Defendants to pay Plaintiffs the full minimum wage. Defendants' violations included: (a) paying insufficient direct (or cash) wages; (b) making unlawful deductions from Plaintiffs' wages for employer expenses which further reduced Plaintiffs' wages below the minimum wage; (c) failing to make up the difference between Plaintiffs' wages and tips when they failed to meet the minimum wage; (d) operating an invalid tip pool in which management retained tips; (e) requiring Plaintiffs to regularly perform non-tipped work at hourly rates below the minimum wage; and (f) failing to notify Plaintiffs of the tip credit rules and regulations, including their intention to claim a tip credit.

3. Defendants further violated federal, state, and city overtime laws by failing to pay Plaintiffs an overtime premium when they regularly worked more than 40 hours in individual workweeks.

4. Finally, Defendants violated the FLSA's anti-retaliation provision when they unlawfully terminated Plaintiff Melvyn Menendez Barrera after learning of his pre-suit claim for overtime damages.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

7.     Plaintiff Melvyn Menendez Barrera is a former employee of the Defendants. Plaintiff worked for the Defendants at Grand Car Wash and Defendants' related businesses from approximately 2005 through December 1, 2016.

8.     Plaintiff Ennar Menendez Barrera is a former employee of the Defendants. Plaintiff worked for the Defendants at Grand Car Wash from approximately 2010 through October 2014.

9.     Plaintiff Marlon Chan is a former employee of the Defendants. Plaintiff worked for the Defendants at Grand Car Wash from 2014 through February 2016.

10.    During the course of their employment, Plaintiffs used and handled goods and materials, including cleaning products, soaps, towels, or vacuums that previously moved in interstate commerce before being purchased in Illinois.

11.    Defendant Grand Car Wash is a car wash and auto detailing establishment providing wash and detail services to the general public. Grand Car Wash also sells car care products, tire shine products, and other retail goods.

12.    Defendant Grand Car Wash is operated by JLK Enterprises, an Illinois limited liability company, and is doing business as a car wash at 6747 W. Grand Avenue in Chicago, Illinois.

13.    Upon information and belief, Defendant Grand Car Wash earned more than $500,000 in annual gross revenue during 2012, 2013, 2014 and 2015.

14.    Defendant Grand Car Wash's managing members and registered agent are located within this judicial district.

15.    Upon information and belief, Defendant John Kamysz is the owner of Defendant

Grand Car Wash. John Kamysz is a managing member of JLK Enterprises.

16. Defendant John Kamysz possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, Defendant John Kamysz hired and fired Plaintiffs and other car washers, set the schedules of Plaintiffs and other car washers, set the rate of pay and determined the method of pay for Plaintiffs and other car washers. John Kamysz was the ultimate decision-maker with regard to the terms and conditions of the employment of Plaintiffs and all other car washers.

17. Defendant John Kamysz resides in and is domiciled within this judicial district.

18. Defendant Michael Kamysz directly supervised the Plaintiffs, and other car wash employees, on a day-to-day basis. In this capacity, Michael Kamysz also possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. Kamysz used his authority to direct employees to work at other commonly-owned locations of the Defendants.

19. Upon information and belief, Defendant Michael Kamysz resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

20. Defendants compensated Plaintiffs on an hourly basis.

21. Plaintiffs' car washing duties included washing and drying cars and vacuuming.

22. For their work at Grand Car Wash, Plaintiffs were paid $3.00 per hour during the last three years before the filing of this suit.

23. In addition to receiving direct hourly wages, Plaintiffs customarily and regularly received tips and gratuities paid by customers during the last three years before the filing of this lawsuit.

24. Plaintiffs customarily and regularly received more than $30.00 per month in tips.

25. During the last three years before the filing of this suit, Defendants elected to claim a tip credit by paying Plaintiffs at an hourly rate below the minimum wage and using tips to make up the difference between the direct wages and the minimum wage.

26. Defendants violated tip credit requirements by failing to pay Plaintiffs insufficient direct hourly wages. Plaintiffs are entitled to recover the difference between their regular hourly rate of pay and the minimum wage for all hours worked.

27. In addition, Defendants further reduced the direct wages of Plaintiffs below the minimum wage by improperly deducting employer costs and expenses from wages, including repair costs and other expenses related to accidental damage to customer cars.

28. Based on the total direct wages to Plaintiffs and customer tips received, Plaintiffs were paid less than the minimum wage in one more individual workweeks.

29. Defendants failed to properly take a tip credit by failing to ensure that Plaintiffs received sufficient tips in order to make up the difference between Defendants' direct wage payments and the minimum wage.

30. Defendants also required Plaintiffs to regularly perform work outside the scope of their tipped occupation while continuing to pay them below the minimum wage. Defendants required Plaintiffs to clean the car wash, shovel snow on the premises, and wash and dry towels. Lastly, Plaintiffs performed other non-tipped work at Defendants' other properties and

businesses, including a storage facility in Chicago, Illinois, a coin-operated car wash in Mount Prospect, Illinois, and at a ranch outside of Kenosha, Wisconsin.

31. Defendants further violated tip credit requirements by operating an illegal tip pool. In lieu of allowing car washers to retain all tips, Defendants operated an unlawful tip pool in which non-tipped employees, including management, participated. For example, Defendants retained all credit card tips from customers.

32. Defendants further failed to notify Plaintiffs of the FLSA tip credit subsection or of Defendants' intention to claim a tip credit under the FLSA or IMWL.

33. Plaintiffs were directed to work, and did work, more than 40 hours per week.

34. Defendants' car wash was open from 8:00 a.m. to 6:00 p.m. Monday through Saturday and from 8:00 a.m. to 5:00 p.m. on Sunday.

35. Plaintiffs regularly worked four or more full days throughout the workweek and regularly worked more than 40 hours in individual workweeks.

36. Defendants did not compensate Plaintiffs at one and one-half times the statutory minimum wage for hours worked in excess of 40 in individual work weeks.

37. Defendants never paid Plaintiffs an overtime premium when they worked more than 40 hours in a work week.

38. Defendants paid the wages of Plaintiffs in cash. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

39. On February 12, 2016, ten other car washers who worked with the Plaintiffs filed a lawsuit against Defendants for unpaid minimum wages and overtime compensation under the FLSA, IMWL, and CMWO (the "Prior Lawsuit").

40. This law firm represented the Plaintiffs in that action and the case was styled *Sanchez Aguilar, et al. v. JLK Enterprises*, Case No. 16-cv-2216 (N.D. Ill.).

41. Four additional car washers ultimately joined the Prior Lawsuit for a total of 14 named Plaintiffs. The case was ultimately resolved through court-approved settlement. (ECF No. 53.)

41. On Wednesday, November 30, 2016, Plaintiffs' counsel spoke with Defendants' counsel in the Prior Lawsuit on the telephone and informed Defendants' counsel of the existence of the claims of the three Plaintiffs in this action.

42. The next day, on December 1, 2016, Defendant John Kamysz abruptly terminated Plaintiff Melvyn Menendez Barrera. Mr. Menendez Barrera had been employed by Defendants for over 10 years and was the only Plaintiff in this action currently employed by Defendants as of November 30, 2016.

43. After terminating Mr. Menendez Barrera, Defendant Kamysz repeatedly placed telephone calls to him on December 1st, 2nd, and 4th in an attempt to dissuade Mr. Menendez Barrera from filing this lawsuit.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
(All Plaintiffs)

44. Plaintiffs hereby incorporate paragraphs 1 through 43 as though stated herein.

45. During the last three years before the filing of this suit, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

46. During the last three years before the filing of this suit, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

47. Plaintiffs were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

48. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

49. Defendant Grand Car Wash was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

50. Pursuant to 29 U.S.C. § 206, Plaintiffs were entitled to be compensated according to the applicable minimum wages under the FLSA.

51. Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiffs failed to meet the minimum wage.

52. Defendants violated the tip credit and minimum wage provisions of this section by operating an invalid tip pool and retaining employee tips.

53. Defendants violated tip credit and minimum wage provisions of this section by requiring Plaintiffs to perform non-tipped work not within the scope of a tipped occupation while continuing to pay them sub-minimum, tip credit wages.

54. Defendants violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs of the tip credit subsection, 29 U.S.C. § 203(m), and any of its related requirements.

55. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs the minimum wage was willful and not in good faith. Defendants committed numerous minimum wage violations and paid Plaintiffs' wages in cash in order to conceal Plaintiffs' hours

worked and their own failure to pay the minimum wage. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

**WHEREFORE**, the Plaintiffs, Melvyn Menendez Barrera, Ennar Menendez Barrera, and Marlon Chan, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

- A. Judgment in the amount of unpaid minimum wages found due;
- B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;
- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and
- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (All Plaintiffs)

56. Plaintiffs hereby incorporate paragraphs 1 through 43 as though stated herein.

57. During the last three years before the filing of this suit, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

58. During the last three years before the filing of this suit, Plaintiffs were not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

59. Plaintiffs were tipped employees within the meaning of 820 ILCS 105/4(c).

60. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

61. Pursuant to 820 ILCS § 105/4, Plaintiffs were entitled to be compensated according to the applicable minimum wages under the IMWL.

62. Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiffs failed to meet the minimum wage.

63. Defendants violated the tip credit and minimum wage provisions of this section by operating an invalid tip pool and retaining employee tips.

64. Defendants violated tip credit and minimum wage provisions of this section by requiring Plaintiffs to perform non-tipped work not within the scope of a tipped occupation while continuing to pay them sub-minimum, tip credit wages.

65. Defendants violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs of the tip credit subsection and any of its related requirements.

**WHEREFORE**, the Plaintiffs, Melvyn Menendez Barrera, Ennar Menendez Barrera, and Marlon Chan, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages
**(All Plaintiffs)**

66. Plaintiffs hereby incorporate paragraphs 1 through 43 as though stated herein.

67. Plaintiffs were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

68. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

69. Under § 1-24-020(a), Plaintiffs were entitled to be compensated according to the minimum wage requirements of CMWO.

70. Defendants violated the tip credit and minimum wage provisions of this section by failing to pay sufficient direct wages to Plaintiffs; making unlawful deductions to wages thereby further reducing their wages below the minimum wage; and, failing to make up the difference between direct wage rate and the minimum wage when the total wages and tips paid to Plaintiffs failed to meet the minimum wage.

71. Defendants violated the tip credit and minimum wage provisions of this section by operating an invalid tip pool and retaining employee tips.

72. Defendants violated tip credit and minimum wage provisions of this section by requiring Plaintiffs to perform non-tipped work not within the scope of a tipped occupation while continuing to pay them sub-minimum, tip credit wages.

73. Defendants violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs of the tip credit subsection and any of its related requirements.

**WHEREFORE**, the Plaintiffs, Melvyn Menendez Barrera, Ennar Menendez Barrera, and Marlon Chan, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

Case: 1:16-cv-11100 Document #: 1 Filed: 12/06/16 Page 12 of 16 PageID #:12

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Fair Labor Standards Act – Overtime Wages
### (All Plaintiffs)

74. Plaintiffs hereby incorporate paragraphs 1 through 43, 45, 48, and 49 as though stated herein.

75. During the last three years before the filing of this suit, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

76. Under 29 U.S.C. § 207, for all weeks during which Plaintiffs worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

77. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

78. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants paid Plaintiffs' wages in cash in order to conceal Plaintiffs' hours worked and their own failure to pay overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

**WHEREFORE**, the Plaintiffs, Melvyn Menendez Barrera, Ennar Menendez Barrera, and Marlon Chan, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

    A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (All Plaintiffs)

79. Plaintiffs hereby incorporate paragraphs 1 through 43, 57, and 60 as though stated herein.

80. During the last three years before the filing of this suit, Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

81. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

82. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Melvyn Menendez Barrera, Ennar Menendez Barrera, and Marlon Chan, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

    A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.      Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

### COUNT VI
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages
**(All Plaintiffs)**

83.      Plaintiffs hereby incorporate paragraphs 1 through 43 and 67 through 68 as though stated herein.

84.      Plaintiffs were not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

85.      Under § 1-24-040, for all weeks during which Plaintiffs worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

86.      Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiffs, Melvyn Menendez Barrera, Ennar Menendez Barrera, and Marlon Chan, pray for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.      Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT VII
### Violation of the Fair Labor Standards Act – Retaliation
**(Plaintiff Melvyn Menendez Barrera Only)**

87. Plaintiff hereby incorporates paragraphs 1 through 43 as though stated herein.

88. Plaintiff engaged in protected activity under the FLSA, 29 U.S.C. 201, *et seq.*, when he retained counsel to file an FLSA suit and authorized counsel to inform Defendants of his claim for unpaid wages.

89. Defendants violated the anti-retaliation prohibition within the FLSA, 29 U.S.C. § 215(a)(3), by abruptly terminating the Plaintiff for enforcing his rights under the Act and seeking to recover unpaid wages and related statutory damages from the Defendants.

**WHEREFORE**, the Plaintiff, Melvyn Menendez Barrera, prays for a judgment against Defendants, JLK Enterprises LLC d/b/a Grand Car Wash, John Kamysz, and Michael Kamysz, as follows:

A. Judgment in the amount of the lost wages suffered by Plaintiff as a direct result of Defendants' retaliatory termination of his employment;

B. Liquidated damages in an amount equal to the amount of lost wages suffered by Plaintiff;

C. Compensatory damages in an amount to be determined at trial for the emotional distress, mental anguish, embarrassment, humiliation, and loss of dignity suffered by Plaintiff as a direct result of Defendants' retaliatory termination of his employment;

D. Punitive damages in an amount to be determined at trial for Defendants' willful, malicious, and intentional violation of the Fair Labor Standards Act, 29 U.S.C. 215(a)(3);

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

     F.       Such other legal and equitable relief that this Court deem appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation front pay for Plaintiff's future lost wages suffered as a direct result of Defendants' retaliatory termination of Plaintiff's employment and injunctive relief consisting of a declaration that Defendants engaged in retaliatory conduct in contravention of this section and an order to Defendants to cease engaging in any such further retaliatory conduct.

Dated: December 2, 2016

Respectfully submitted,
Melvyn Menendez Barrera, Ennar Menendez Barrera, and Marlon Chan,
Plaintiffs

/s/ Nicholas P. Cholis
_____
One of the Plaintiffs' Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com